UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

LYNN A. PARISI, on behalf
of herself and all others
similarly situated,

        Plaintiff,

    v.

SYNDICATED OFFICE
SYSTEMS, INC., d/b/a CENTRAL
FINANCIAL CONTROL,

        Defendant.

_____/

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

    1.    Plaintiff, Lynn A. Parisi, on behalf of herself and all others similarly situated, alleges Defendant Syndicated Office Systems, Inc., d/b/a Central Financial Control violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), by failing to inform the consumer that the purpose of the call was to collect a debt or that the call was from a debt collector.

**I.  JURISDICTION AND VENUE**

    2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d).  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## II. PARTIES

3.      Plaintiff Lynn A. Parisi is a natural person who resides in Pasco

County, Florida.

4.      Plaintiff Lynn A. Parisi is a "consumer" as defined by 15 U.S.C.

§1692a(3).

5.      Defendant Syndicated Office Systems, Inc., d/b/a Central Financial

Control is a corporation and citizen of the State of Texas with its principal place of

business at Suite 1400, 1445 Ross Avenue, Dallas, Texas 75202.

6.      Defendant regularly uses the mails and telephone in a business the

principal purpose of which is the collection of debts.

7.      Defendant regularly collects or attempts to collect debts for other

parties and is a "debt collector" as defined in the FDCPA.

## III.   FACTUAL ALLEGATIONS

8.      Defendant sought to collect from Plaintiff an alleged debt arising from

a medical care allegedly due North Ridge Medical Center incurred for personal,

family or household purposes.

9.      Defendant left the following messages on Plaintiff's voice mail on or

about the dates stated:

March 2, 2009 – Pre-Recorded Message
I have a message from Central Financial Control for Lynn Parisi regarding a
personal business matter.  Please call 800-345-4261, between the hours of

8:00 AM and 5:00 PM Monday through Friday. Once again the number to call is 800-345-4261. Thank you.

April 29, 2009 – Pre-Recorded Message
I have a message from Central Financial Control for Lynn Parisi regarding a personal business matter. Please call 800-345-4261 between the hours of 8:00 AM and 5:00 PM Monday through Friday. Once again, the number to call is 800-345-4261. Thank you.

May 29, 2009 – Pre-Recorded Message
I have a message from Central Financial Control for Lynn Parisi regarding a personal business matter. Please call 800-345-4261 between the hours of 8:00 AM and 5:00 PM Monday through Friday. Once again, the number to call is 800-345-4261. Thank you.

July 20, 2009 – Pre-Recorded Message
I have a message from Central Financial Control for Lynn Parisi regarding a personal business matter. Please call 800-345-4261 between the hours of 8:00 AM and 5:00 PM Monday through Friday. Once again, the number to call is 800-345-4261. Thank you.

July 28, 2009 – Pre-Recorded Message
I have a message from Central Financial Control for Lynn Parisi regarding a personal business matter. Please call 800-345-4261 between the hours of 8:00 AM and 5:00 PM Monday through Friday. Once again, the number to call is 800-345-4261. Thank you.

August 27, 2009 – Pre-Recorded Message
I have a message from Central Financial Control for Lynn Parisi regarding a personal business matter. Please call 800-345-4261 between the hours of 8:00 AM and 5:00 PM Monday through Friday. Once again, the number to call is 800-345-4261. Thank you.

September 28, 2009 – Pre-Recorded Message
I have a message from Central Financial Control for Lynn Parisi regarding a personal business matter. Please call 800-345-4261 between the hours of 8:00 AM and 5:00 PM Monday through Friday. Once again, the number to call is 800-345-4261. Thank you.

      10.    Based upon information and belief, Defendant left similar or

identical messages on other occasions within one year of the filing of this complaint.  (Collectively, "the telephone messages").

11.     The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2).

12.     Defendant failed to inform Plaintiff in the telephone messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's telephone messages.

## IV.   CLASS ACTION ALLEGATIONS

13.     This action is brought on behalf of a class defined as (i) all Florida residents for whom Defendant left a telephone message (ii) in which Defendant failed to state that the call was from a debt collector, and/or that the call was an attempt to collect a debt (iii) in an attempt to collect a debt incurred for personal, family, or household purposes allegedly due North Ridge Medical Center (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

14.     Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

15.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class

members.  The principal issues are:

> a.      Whether Defendant is a debt collector.
>
> b.      Whether Defendant's telephone messages violate the

FDCPA.

16.     The claims of Ms. Parisi are typical of those of the class

members.  All are based on the same facts and legal theories.

17.     Ms. Parisi will fairly and adequately protect the interests of the

class.  She has retained counsel experienced in handling actions involving

unlawful practices under the FDCPA and class actions.  Neither Plaintiff nor

her counsel have any interests which might cause them not to vigorously

pursue this action.

18.     Certification of the class under Rule 23(b)(3) of the Federal

Rules of Civil Procedure is also appropriate in that:

> a.      The questions of law or fact common to the members of

the classes predominate over any questions affecting an individual member.

> b       A class action is superior to other available methods for

the fair and efficient adjudication of the controversy.

## V.  COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

19.     Plaintiff incorporates the foregoing Paragraphs.

20.     Defendant failed to disclose in the telephone messages that it is

a debt collector in violation of 15 U.S.C. §1692e(11).  Edwards v. Niagara

Credit Solutions, Inc., 584 F.3d 1350 (11th Cir. 2009); *Drossin v. National*

*Action Financial Services, Inc.*, 641 F.Supp.2d 1314 (S.D.Fla. 2009) and

*Belin v. Litton Loan Servicing*, 2006 WL 1992410, 2006 U.S. Dist. LEXIS

47953 (M. D. Fla., July 14, 2006).

WHEREFORE, Lynn A. Parisi requests that the Court enter judgment

in favor of Plaintiff and the class she seeks to represent against Defendant

Syndicated Office Systems, Inc., d/b/a Central Financial Control for:

    A.    Certification for this matter to proceed as a class action;

    B.    Declaratory relief that Defendant's telephone messages

violate the FDCPA;

    C.    Statutory damages pursuant to 15 U.S.C.

§1692k(a)(2)(B);

    D.    Attorney's fees, litigation expenses and costs of suit

pursuant to 15 U.S.C.§169sk(a)(3); and

    E.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff Lynn A. Parisi demands trial by jury.

s/ Donald A. Yarbrough
DONALD A. YARBROUGH, ESQ.
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
donyarbrough@mindspring.com

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFF**